Okay, Mr. Campbell, thank you. May it please this honorable court. My name is Andy Campbell. I along with Todd Campbell represent the appellant Brenda Morgan who was a 24 to 25 year employee of Lawrence County, Alabama In various positions the last one, which was the deputy director of EMA Court is familiar. I'm sure with the very much with the facts in the law in this case, your honor I want to jump into it because there are it is factually intensive. I think the The issue obviously this is a a a case involving retaliation and the the overall issue Framed is whether the plaintiff appellant established a prima facie case of retaliation Within that the importance of it goes beyond that whether if you Get past the prima facie case one way or the other even assuming in a way did they? assert Non-retaliatory reasons about which there's no genuine issue material fact Yes, sir. The district court did not reset your honor, but I'm happy to address that obviously Yeah, I mean we can but I just wanted you to know the two bases on which you could lose I understand that your honor and I would point out that the first issue sub issue in the porting issue in this circuit Which I think is one of first impression is whether if the contemplated discipline differs from the ultimate adverse action Do you lose the benefit of the standard of temple proximity which under the Cooper lighting? Gupta cases and other cases in this circuit have held that if you have very close temporal proximity of the alleged retaliatory act after the After after the filing of in this case of an EEOC claim They the that has been held to be prima facie evidence if it's extremely close and here we have a matter of 5 to 11 days Temper we have temporal proximity. I counted is 39 days. Am I wrong about that your honor? Let me let me explain number one the filing of the EEOC claim was November 15th 2013 right the ultimate elimination of the position was November 26. That was 11 days When you start on October the 22nd, I do your honor because October's I'd like to actually start on October 30th because the basis of the district let's be generous and start on October 17th where the Chairman sends Morgan a letter to inform her she would remain on administrative leave under further notice and The 22nd they voted to reduce her salary of the position salary by 228,000 in all October 30 He hand-delivered a letter to her informing her intended to terminate her and only thereafter Only thereafter did she can file a complaint with the EEOC? Yes, sir But let me like temporal proximity cuts the other way Well, actually your honor on November according to the defendant's testimony and November 11th four days before she filed her EEOC complaint Basically the Termination for cause was rescinded now. She did not receive it until four days after she filed her claim But they didn't say we're not going to take any action against you. They did take action against her I know and that was before she filed a claim. No, sir. I'm sorry before she filed the EEOC letter wasn't well It's disputed according to the district court He found that it was four days after because she received the letter reducing the termination for the cause to suspension for 20 days without pay and Position that it was that the date was valid. Excuse me. Wasn't it your position below that the date was valid? That the four day the four day earlier date was valid despite what the district court concluded Yes, yes that that she basically filed on November 15th She received in his document 37 3 for the court's benefit a letter November 19th Rescinding the termination because given her suspension for 20 days and demoting her to Deputy EMA director now if you look at that document But what I'm saying is you took the opposite position of the district court below No I took the I took the position that she received it on the 19th and that was the operative date The defendants argued it was beforehand my position on appeal your honor is it really doesn't matter because that contemplated action of Terminating her which the district court based its opinion on partially that basically was nullified by the Commission It was withdrawn Amnesia action what action of the Commission when? nullified the action of the Commission of Only document 37 3 which was received by my client four days after she filed her EEOC complaint on November 15th and that document your honor. It says it's drafted November 11th Received it November 19th and the district court assumed the appropriate date was November 19th So four days after she was she she filed her complaint. It was withdrawn Ab initio it was rescinded. That was the word that was used. What else did the letter say it also demoted her to a deputy director Which had never been contemplated demoting her to deputy director and it put her on a 30-day suspension Which is less than termination, which is less than termination your honor, but the point is then seven days later They terminate are they as part of an alleged? Reduct reduction in force they eliminate one position and it's this position They have just demoted her to but hadn't they discussed doing that. I mean months before and hadn't she herself Submitted that they only needed two employees. I recognize that she thought they would combine different Responsibilities into the two employees, but didn't she herself recommend that they go from three to two employees? No, your honor. If you look at her July 18th 2013th letter which is document 37 one. She does not recommend elimination She simply says for right now during this financial crisis. We can get by without a deputy director She does not recommend the elimination of the position. The district court only found one basis in footnote 192 For the prior consideration of the elimination of the position and that was the October 22nd minutes of the Commission Which do not say that either they simply in those minutes table the classification Consideration for that position that classification is talking about salaries and the evidence is extremely extremely Garbled on this point to be quite honest For example, if the court looks at the chairman who sent the letter terminating her apprentice Davis document 38.2 his deposition at pages 106 107 he says as in November they had not made a decision on Terminating that that no decision had been made until it was reduced on November 26 So my point is under the authority of the cases We've cited the Monford case from the Tenth Circuit and the others the prior Contemplated activity of a limitation on that position is not there in the evidence I invite the court to look at those minutes from October 22nd all they simply say is the classification of deputy director is being tabled and and again as the court found this position was funded 65% by federal funds and Evidence is disputed whether it was in the budget or not in the budget. Mr Davis said it was still in the budget on the pages. I said in November it was still in the budget So and that's why the district court I think simply relied solely on the October 22nd minutes Which do not say that in making a finding that the elimination of the position had previously been Contemplated the evidence is just not there and that's why we are contending that Breeden and Drago do not apply because you've got to have consistency of The prior contemplated action and what is ultimately done in our situation here I would I would urge the court to look at this it clearly there is evidence that could be reasonably inferred There was a manipulation of the adverse action. You want to address him for bizarre behavior For bizarre behavior. Yes, even if she files an EEOC complaint It seems to me like the commission had abundant grounds for not making your client the EMA the emergency management administration Hit I mean the behavior was bizarre. Your honor I understand and we have not appealed from the the claims we made based on that and I certainly I'm talking about You say it's retaliation I'm talking about even with temporal proximity if the if the defendant comes in and says Okay, it may look bad chronologically, but let me tell you what the woman did And if the evidence is overwhelming Largely undisputed that the woman did What any rational agency would have been very concerned about and could have fired her for much less? demote her then Summary judgment seems valid to me your honor The county the head of the County Commission either on November 11th or November 19th either four days before or four days after she was fired said we are rescinding your termination It's too harsh Basically didn't terminate did not terminate her demoted her Demoted her to a direct Right, but they had good cause for doing that Even after she filed the EEOC complaint and independent of it based on I Gather you're not disputing bizarre behavior Your honor. I'm not disputing the factual findings of the court nor can I have not appealed from them? even though there was counter evidence what my point is the ultimate retaliation of Eliminating her position and there were therefore doing away with the job. So she should have been left as director No, sir. I'm saying she should have been left in the position of deputy director Where she was demoted and I understand they wouldn't promote her back at the end of the month So it no Commission could have been concerned about having as a deputy director somebody who just goes in somebody else's house Uninvited in the middle of the night and talks about seeing snakes all around You know, she's gonna cut the head off of one of them. Do you think that that? That's not a basis for demoting or terminating and Respectfully honor the Commission looked at that and said terminations not warranted He said and they didn't terminate her but I'm saying after that they got rid of her by eliminating the position Which the ultimate retaliation? They basically they had a basis for terminating her based on her bizarre behavior and not wanting anybody in that position who was Inexplicably prone to bizarre behavior It doesn't matter if they called it cat in the hat if the action they took Was justified based on her behavior and it that behavior is undisputed I don't see how you can get past summary judgment on there. We honor my point is simply this Once she exercised her constitutional rights of found an EEOC claim According to the defendants testimony, they had determined she was not going to be terminated She would have a 30-day suspension without pay and she'd be put back into position of deputy director Only after she filed her EEOC claim was this position eliminated seven days after they put her in it Okay, we let you run over and I apologize Thank you Apply miss kid May it please the court. My name is Jamie kid and I represent the Lawrence County Commission like to jump into a couple of sort of factual is Discrepancies with what was stated here and and what was in the record first of all She was not demoted At the time when the letter went out to her November 15th, November 11th, as was noted by the district court She had been removed from the position of acting EMA director back in October before any discipline was actually even Previously contemplated and Tammy Vinson had been put in that place. So Well before we get to the EEOC charge, she's already been removed from her temporary acting position put back to deputy director Second of all as judge Rosenbaum pointed out Before the district court the plaintiffs had rather vehemently argued that the November 11th date of which is what the evidence is and I make you know, I Cannot explain why my clients Didn't deliver the letter in the more timely fashion except for you know, sometimes clients happen But all the evidence shows that that was when the decision was actually made Now the other thing though is before the district court the plaintiff had miss Morgan had Relied on the fact that the deputy director position had been eliminated prior to this happening referred several times in their brief John Things document 32 and and tried to use that as evidence of pretext on other claims so prior to You know coming up here to this appeal They were absolutely arguing that the position had already been eliminated that they knew had been eliminated Before and we're trying to use that as evidence of sort of skullduggery as to some of the other claims So that's an inherent contradiction You Know the other thing about this whole notion that somehow the termination was rescinded. That's simply not true This is a case where due process Actually worked like it was supposed to right You have a body proposes termination. That doesn't mean that it's final. It means it's been proposed Come tell me your side of the story In the letter in his final letter to her in which he you know tells her that she has been suspended It specifically states the seriousness of these offenses Does warrant termination? These are still group two offenses now he did consider her long service with the county and also as to the portion of the proposed termination that was based off her behavior during the September 30th budget meeting as opposed to Her behavior at the Hill residence a few days later. He also found that you know, maybe there was some Understandable Friction between her and the former County Administrator that had led her to act that way and so downgraded a few of those offenses However, he is very clear in that letter Yeah, this is not to say that this is justifiable. This is not to say that you shouldn't be fired for it This is just to say basically I'm sort of cutting you a break And that's what he did. Ultimately. What was the date of that? That's in the November 1115 letter where he Specifically states that Yes, these offenses are still worthy of termination But I am after having heard your side of the story and taken into account. So it's incorrect as a matter of fact To say that the termination had been nullified or appealed All right. Was there anything between October 30th? That's when he hand-delivered the letter saying you're going to be terminated and November 15th That was communicated to her There was a hearing that was held on I believe November 5th was so November 30th Yeah, that was in front of Davis, but sure but did he announce a decision then did he say what he was going to do? No, your honor. He did not I understood your opposing counsel here to say that something had occurred and the Commission had rescinded Nullified its previous decision to terminate her before she filed the EEOC complaint Yes, your honor, and that's actually incorrect. There there had been no decision made actually they were contemplating Termination, but they you know, this is a public entity They have a handbook that lays out due process guidelines for their employees So they didn't tell her that you're not going to be terminated. No, they didn't Vote not to terminate it. No, your honor. They didn't write down anywhere. We're not going to terminate No, your honor. And as a matter of fact, if you look in her first EEOC charge It actually specifically is based off. They're going to terminate me. I've been notified that I'm going to be terminated I mean when she filed the EEOC charge that was what she did before the final decision had been made That was the basis for it You know one other thing just to address Another issue that that didn't come up previously in oral argument, but has been an issue is that there's been this Very loose argument that somehow the Commission didn't follow their own policies and That that should be taken as evidence of retaliation. It's brought up in as one of the new grounds for evidence of retaliation First of all, it's never been quite clearly discussed by the plaintiff what policy she claims that the Commission Actually didn't follow in regards to her, you know second to be frank in the Commission handbook has at the beginning a Reservation of rights to deal with unique situations and to be frank. This was a very unique situation Nothing like this had ever happened Before there are no comparators that have been put forth because honestly None existed. This was a bizarre series of events Excuse me the Issue of whether or not you know that the Commission struggled with exactly how to How to deal with it. I think if anything this particular case is almost evidence of No good deed goes unpunished because the thing is is that the Commission had simply hauled off and fired her Before she ever filed the EUC charge. We wouldn't be here. I mean that's that's been absolutely agreed to in both times so the idea that a Governmental entity can then be or any employer can then be punished for trying to take its time and okay Well, we investigate this because we don't know what's going on, right? I mean they find out about this when mrs. Hill's daughter comes and makes a complaint her son Daughter-in-law and then her son-in-law Files a charge with the sheriff's office. So, okay. We're very disturbed by this Then there's later some Weird communications with about her phone being cut and all this kind of stuff. So Put her on leave have an investigation After the investigation it becomes clear to Prentice Davis that this is you know This is not any kind of Because of any kind of physical illness or disability or anything like that And of course there was an unappealed regarded as disability claim underlying But you know, this is just extraordinarily poor judgment and handling of a situation by somebody who can't handle Obviously can't handle the stress of being the sole Person in the EMA office that's directly under in charge of EMA and So that's when he gets through the notice to terminate her Pulls her in for a hearing does not just conduct a pro forma hearing Listens to what she has to say Doesn't issue a decision that day waits decides on it later You Neither Clark County versus Braden nor Drago versus Jen nor any of the court's more recent unpublished opinions including a very recent one Tucker versus Florida Department of Transportation that just came out February 2nd 2017 Require an employer to Eventually carry out the literal exact same action to have already basically decided on a course of action and carry that out Well, it would fit more retaliation claim if the action carried out had been harsher. Absolutely your honor then before but Any other points you'd like to make not unless the panel has any other questions. I don't believe we do. Mr. Campbell four minutes On the letter which was drafted and this is document 37 3 the letter that changed the termination of calls to suspension without pay Says on the face of it. It was drafted November 11th, that's four days before she filed the EOC complaint, but it was not delivered till November 19th and in that letter the chairman of the county said we're changing the Termination from a termination of calls to suspension without pay for 20 days. So they reduced Yes He reduced after she found the EEOC letter. No, why is that retaliation? Well, let me if I may finish on her also in that letter. She was reassigned to the position of Deputy Emma EMA director, but she was still employed. She's still employed But then one week later They abolish the very position she's assigned to that is the ultimate retaliatory act Because and you've heard counsel say that position was abolished on September 30th why if that's true and the evidence as I've pointed out to the depositions Don't support that and the judge did not find that it was terminated on September 30th If it was if it was terminated on September 30th, how could she be reassigned to a non-existent position of November? 26 because they were trying to cut her a break And as a result they get sued The honor I would contend that they were basically manipulating the the way the adverse action avoid a retaliation Claim she was reassigned If they had done nothing, let's say You know the letter went out that said look We're sorry, but we're gonna have to cut you loose because of this bizarre behavior We'll have a hearing on it and we'll see and then they had the hearing and they said sorry our decision stands. I Mean that wouldn't have been retaliation, right? the honor Retaliation, well, she appealed it on that basis. She filed administrative appeal and After administrative appeal, which is set forth in the manual. They basically said we're gonna reduce the termination They were concerned about her filing a claim, right? But but can you and I understand you're gonna make it a point here, but let me just ask you this predecessor question which is if they had Decided to continue with their original plan and terminated her employment after that hearing How could that have been retaliation since all of that occurred before she ever filed the EEOC complaint The honor that would not be retaliation in itself. You're correct because that was October 30th that was before my simple point is though and the law is that the Adverse action in this case. Ultimately the elimination of her position had to follow what was contemplated I think you may have misunderstood the question. Maybe I did it's not if they had fired her on October 30th if they had followed through after she filed the EEOC complaint and Fired her as they originally said they were going to do Would that be? retaliation The honor I don't believe so because that would have been contemplate But my point is simply what ultimately happened was not that it was eliminating a position which had not been previously Contemplated and had not occurred because they had reassigned it to her a week a week earlier Okay, we'll take that thank you Take a 10-minute break right now